**SIGNED.**

Dated: January 26, 2011



_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORT LOWELL RETAIL, LLC, | ) | No. 4:10-bk-29820-JMM |
| | ) | |
| | ) | **MEMORANDUM DECISION** |
| Debtor. | ) | |

On January 25, 2011, the court heard argument concerning Great Western Bank's motion for stay relief. The Debtor opposed the relief, maintaining that it had filed a plan and disclosure, and that a confirmation hearing on its plan would likely be held before the end of March, 2011. The disclosure statement is set for hearing on February 23, 2011.

Great Western maintains that the court, when a single asset real estate entity is involved, is required to dissolve the stay, and cites 11 U.S.C. § 362(d)(3). More importantly, the Debtor and Great Western agreed, in a stipulation dated October 27, 2010 (ECF No. 11) that, "If Debtor fails to comply with the requirements of 11 U.S.C. § 362(d)(3) by the later of 30 days after the entry of this stipulated order or December 16, 2010 . . . Bank shall be entitled to relief from the automatic stay as provided in such section."

Section 362(d)(3) requires that a debtor file a plan within 90 days after the entry of the order for relief, <u>or</u> commence certain payments.

The voluntary case was filed, and the order for relief entered, on September 17, 2010. Ninety days thereafter would be December 16, 2010.

The Debtor's plan was not filed until January 20, 2011. The parties agreed, at the hearing, that no payments had been made to Great Western since the filing of the case.

By virtue of the parties' stipulation then, the court must lift the stay. *See, e.g., Crown Life Insurance Co. v. Springpark Associates (Matter of Springpark Associates)*, 623 F.2d 1377, 1380 (9th Cir. 1980). A separate order will issue.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

Alan R. Solot, Attorney for Debtor
Andrea Palmer, Attorney for Great Western Bank
Office of the U.S. Trustee